# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LESTER MILTON,

        Petitioner,               Case Number: 2:08-CV-11569

v.                                      HONORABLE AVERN COHN

KENNETH MCKEE,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S "REQUEST FOR HABEAS CORPUS TO STAY PROCEEDING/HOLD IN ABEYANCE" AND DISMISSING PETITION WITHOUT PREJUDICE

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Lester Milton, presently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan challenges his convictions of two counts of first-degree murder for which he was sentenced to two terms of life imprisonment.

Before the Court is Petitioner's "Request for Habeas Corpus to Stay Proceeding/Hold in Abeyance." Petitioner asks the Court to hold his petition in abeyance so that he may return to state court to present additional, unexhausted claims. For the reasons that follow, the motion will be denied. However, the Court will dismiss the petition without prejudice and impose safeguards to allow Petitioner to return to federal court and file a timely habeas petition following exhaustion of state court remedies.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Petitioner asks the Court to stay the petition and hold it in abeyance "so that he may file a motion for relief from judgment pursuant to M.C.R. 6.500, in order to properly exhaust all claims." The Supreme Court has approved the "stay-and-abeyance" procedure Petitioner asks this Court to apply to his petition, but the Court has cautioned that "stay and abeyance should be available only in limited circumstances." Rhines v. Weber, 544 U.S. 269, 277 (2005). The Court recognized that the "stay-and-abeyance" procedure addresses the problem presented when a petitioner files a timely but mixed petition in federal district court and the district court dismisses it under the rule requiring total exhaustion after the limitations period expires. Because the filing of a petition for habeas corpus in federal court does not toll the statute of limitations under 28 U.S.C. § 2244(d)(2), any subsequently filed habeas petition would be untimely. Recognizing the "gravity of this problem," the Supreme Court held that a federal court may stay a petition in federal court to allow the petitioner to present unexhausted claims in the state court and then return to federal court for review of his petition, provided that the petitioner has "good cause" for his failure to present the claims in state court and that the unexhausted claims are not "plainly meritless." Id.

Here, Petitioner does not identify the claims he states are unexhausted. Consequently, the Court cannot determine whether the unexhausted claims are "plainly

2

meritless." Following the dictates of Rhines, the Court finds that the petition, therefore, may not be stayed and shall be dismissed without prejudice.

While the "stay-and-abeyance" procedure may not be applied to Petitioner's case because he fails to satisfy the Rhines test, the Court may nevertheless provide safeguards so as not to "'jeopardize the timeliness of a collateral attack.'" Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002), *quoting* Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001). The Court shall adopt the safeguards approved by the Sixth Circuit in Hargrove v. Brigano, 300 F.3d 717, 719-721 (6th Cir. 2002). These safeguards are set forth below.

III.

For the reasons stated above, Petitioner's "Request for Habeas Corpus to Stay Proceeding/Hold in Abeyance" is DENIED.

The petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE. Further, the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from February 25, 2008, until the time Petitioner returns to federal court to pursue habeas relief, provided that: (1) Petitioner presents his unexhausted claims to the state court within sixty days from the date of this order and (2) Petitioner returns to this Court to pursue habeas corpus relief within sixty days of exhausting state court remedies.

SO ORDERED.


Dated: September 30, 2008         s/Avern Cohn
                                  AVERN COHN
                                  UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to Lester Milton 145580, Bellamy Creek Correctional Facility, 1727 West Bluewater Highway, Ionia, MI 48846 and the attorneys of record on this date, September 30, 2008, by electronic and/or ordinary mail.

                                                       s/Julie Owens
                                                   Case Manager, (313) 234-5160